EMILIO M. GARZA,
concurring in part and dissenting in part.
I concur with the majority’s holding that LULAC’s Section 5 claim against the Texas Democratic Party should be remanded to a three-judge panel for consideration. However, I respectfully dissent from the majority’s affirmance of the district court’s dismissal of LULAC’s claim against the State of Texas. Because the question of whether the Democratic Party’s internal voting procedures can be imputed to the State of Texas is not “ “wholly insubstantial’ and completely without merit, such as where the claim[ ][is] frivolous, essentially fictitious, or determined by prior case law,” LULAC v. Texas, 113 F.3d 53, 55 (5th Cir.1997), it should be considered by a three-judge panel.[1]

. I am unaware of any case in this Circuit or any other dealing with the issue. The Supreme Court's Voting Rights Act jurisprudence does not foreclose the possibility that political party activities may be give rise to some obligation on the part of the state, especially where, as here, state law mandates that the party rules be filed with the state and provides a mechanism of enforcement for those rules. See Tex. Elec.Code Ann. §§ 163.002, 163.005 (requiring political parties to adopt rules that are consistent with state law); § 163.007 (making political party rules enforceable by writ of mandamus). Thus, while I make no statement as to the merits of this claim, it does not meet the "wholly insubstantial” standard so as to be excluded from remand to a three-judge panel for review.